UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-cv-14446-ROSENBERG/MAYNARD

GREGORY MADDEN,

    Plaintiff,

v.

JUST BELIEVE RECOVERY
CENTER, LLC, *et al.*,

    Defendants.
_____/

## **ORDER DENYING SETTLEMENT APPROVAL WITHOUT PREJUDICE**

**THIS CAUSE** comes before the Court upon the parties' Joint Motion for Court Approval of Settlement [DE 26], which asks the Court to approve the parties' Settlement Agreement and General Release pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The Court has carefully reviewed the Motion and the Settlement Agreement attached thereto and is otherwise fully advised in the premises. For the reasons set forth below, the request for settlement approval is denied without prejudice.

### I.    BACKGROUND

Plaintiff filed this action on October 31, 2018, for unpaid overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). DE 1. Plaintiff filed a Statement of Claim on January 24, 2019, in which he claimed $10,521.88 for overtime compensation and liquidated damages, as well as attorneys' fees and costs. DE 13. Defendants notified the Court on February 19, 2019, that the parties had reached a settlement. DE 24.

The Settlement Agreement requires Defendants to pay $1,692.19 to Plaintiff. DE 26 at 6-7. In addition, Plaintiff will claim $1,377.84 that the Department of Labor is holding for

Plaintiff as the result of a prior investigation into Defendants' wage practices and a subsequent negotiated settlement.  *Id.* at 6.  The Court will entertain a motion for attorneys' fees and costs after the approval of the Settlement Agreement.  *Id.* at 6-7.  The Settlement Agreement contains a confidentiality provision that permits the parties to disclose the terms of the Agreement only under limited circumstances.  *Id.* at 11.

## II.   LEGAL STANDARD

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor.  *See Lynn's Food.*, 679 F.2d at 1352-53.  In a suit brought by an employee under the FLSA, the Court must determine whether a settlement proposed by the employer and the employee is a fair and reasonable resolution.  *Id.* at 1355.  In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion."  *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

## III.   ANALYSIS

On the present record, the Court cannot find that the Settlement Agreement is fair and reasonable.  The Settlement Agreement includes a confidentiality provision.  *See* DE 26 at 11. Confidentiality provisions are, at best, strongly disfavored in the settlement of FLSA claims. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their

FLSA rights. . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."). Although some courts have approved settlement agreements with a confidentiality provision upon a showing of a compelling reason, *see Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013), the parties have asserted no such reason in the present case.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. The Motion to Approve Settlement [DE 26] is **DENIED WITHOUT PREJUDICE**.

2. The parties may file a renewed motion for settlement approval.  Any renewed motion that includes a confidentiality provision must provide the compelling reason, if any, for the confidentiality provision.  Alternatively, the parties may renew the motion without a confidentiality provision.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of March, 2019.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE