UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 18-14446-CIV-RLR

GREGORY MADDEN,

      Plaintiff,

v.

JUST BELIEVE RECOVERY
CENTER L.L.C, JBRC MEDICAL, LLC,
JUST BELIEVE RECOVERY CENTER
OF PORT SAINT LUCIE, LLC, and
CYNTHIA BELLINO, an individual,

      Defendants.

_____/

## JOINT AMENDED MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Gregory Madden ("Plaintiff") and Defendants, Just Believe Recovery Center, L.L.C., JBRC Medical, L.L.C., Just Believe Recovery Center of Port Saint Lucie, L.L.C., and Cynthia Bellino (hereinafter referred to as "Defendants") (collectively referred to as the "Parties"), hereby file their Joint Amended Motion for Court Approval of Settlement and Dismissal with Prejudice, and respectfully request that the Court approve the parties' settlement and dismiss the case, with prejudice. The parties state the following in support. Confidentiality is now deleted.

## I.   THE SETTLEMENT IS A REASONABLE RESOLUTION OF THE PARTIES' BONA FIDE DISPUTE.

The Defendants maintain that the Plaintiff was paid his overtime ($1,692.19 gross) via the Defendants provision of same (in the net amount) to the Department of Labor pursuant to the conclusion of an in-depth DOL investigation into their wage and hour practice. Defendants maintained that the payment rendered the case moot and filed a motion to dismiss accordingly.

1

The Defendants believe the case was moot for reasons expressed in the Motion, and did not believe that an action may be maintained for liquidated damages alone (meaning without recovery for either minimum wages or overtime). Plaintiff maintained that a different amount of overtime was owed to him as set forth in the Statement of Claim, and questioned whether the DOL knew about all 3 corporate Defendants in its investigation, and suggested Plaintiff worked off of the clock hours. Defendants provided full time and pay records, and provided the handwritten timesheets created by Plaintiff and signed by Plaintiff during his employment. Plaintiff then shortly thereafter settled the case for the amount of overtime Defendants provided to the DOL (which Plaintiff agreed he would obtain from the DOL who had possession of the money), plus an equal amount as liquidated damages.

In determining whether the settlement is a fair and reasonable resolution, the Court evaluates: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), citing *Cotton*, 559 F.2d at 1330. The parties submit that the settlement is a reasonable resolution of a *bona fide* dispute in light of the *Leverso* factors.

First, there is no fraud or collusion behind the settlement. The settlement was reached via extensive and rigorous arms' length negotiation, early in the case—the amount of overtime at stake and the possible application/payment of liquidated damages did not warrant continued litigation. The case was due to be mediated on February 21, 2019. Counsel in this case have never had another case together and do not know one another absent their work on this case.

Second, the legal issues in the case are not all that complex (whether the payment to the DOL by Defendants mooted the litigation, whether Plaintiff was owed more money in overtime then the amount tendered to the DOL, and whether Plaintiff was entitled to liquidated damages). Litigation is uncertain and if the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.

Third, while the settlement was reached after only minimal discovery was conducted (no depositions and after all time and pay records were sent to the Plaintiff showing the amount paid to the DOL was indeed correct), it was reached after the parties were fully informed of the strengths and weaknesses of their respective positions.

Fourth, Plaintiffs' probability of success on the merits was vigorously contested between the parties, as the Defendants maintained that the case was moot in light of the payment of overtime to the DOL and that since overtime was moot liquidated damages could not be obtained, but the Plaintiff maintained that notwithstanding any payment to the DOL, Plaintiff was entitled to sue for additional overtime allegedly owed as set forth in the Statement of Claim and liquidated damages. However, both parties recognized that the cost of litigating the case was far disproportionate to any eventual recovery by Plaintiff (which recovery was far from certain), making a negotiated resolution the appropriate means to resolve the matter.

Fifth, as set forth above, the range of possible recovery for Plaintiff was $0, if Defendants prevailed on their mootness argument, but according to Plaintiff's Statement of Claim slightly over $10,000 including liquidated damages if Plaintiff prevailed.

Sixth, and finally, it is the opinion of the parties' counsel that this settlement represents a fair and reasonable resolution to the parties' *bona fide* dispute over Plaintiff's claims, the amount of damages that were recoverable, and the applicability, *vel non*, of liquidated damages.

## II.    ATTORNEYS' FEES AND COSTS DETERMINED BY THE COURT.

The parties will resolve the matter with the Court determining reasonable attorneys' fees and costs.  The settlement negotiations broke down with the Plaintiff at $6,000 for fees and costs and the Defendant willing to pay $2,000 for fees and costs.  Plaintiff will file a separate motion for reasonable attorneys' fees and costs within 30 days from the submission of this Motion.

## III.   CONCLUSION

The parties therefore respectfully submit that the settlement should be approved by the Court consistent with applicable precedent, including *Lynn's Food,* 679 F.2d at 1353.  If the Court requires any additional information to determine the reasonableness of the parties' settlement, the parties respectfully request that the Court convene a fairness hearing, at which time the parties will provide any further information needed for the Court to determine whether the *Leverso* factors have been satisfied.  The confidentiality paragraph is deleted and not part of the agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable, dismissing the case with prejudice, with a reservation to determine reasonable fees and costs, and granting such other and further relief as is appropriate. Dated this 14th day of March, 2019.

Respectfully submitted,

-4-

**WENZEL FENTON CABASSA, PA**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Telephone:  813.224.0431
Facsimile:  813.229.8712

By: */s/ Christopher J. Saba* _____
Christopher J. Saba
Florida Bar No. 0092016
E-mail:csaba@wfclaw.com

*Attorney for Plaintiff*

**GLASSER & KLEPPIN, PA**
8751 W. Broward Blvd., Suite 105
Plantation, FL 33324
Telephone:  954.424.1933
Facsimile:  954.474.7405

By: */s/ Chris Kleppin* _____
Chris Kleppin
Florida Bar No. 625485
E-mail:ckleppin@gkemployment.com

*Attorney for Defendants*

<u>SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

1.  **The Parties.** For and in consideration of the promises and covenants contained in this Settlement Agreement and General Release ("Agreement"), the parties, Plaintiff, Gregory Madden (hereinafter referred to as "Madden"), and Defendants, Just Believe Recovery Center L.L.C, JBRC Medical, L.L.C., Just Believe Recovery Center of Port Saint Lucie, L.L.C. and Cynthia Bellino, and their respective officers, directors, agents, employees, insurers, successors, and assigns, as applicable (collectively referred to throughout this Agreement as "Just Believe"), covenant and agree that:

2.  **Compromise Settlement.** This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner, as set forth below.

3.  **No Admissions.** This Agreement does not constitute an admission of liability on the part of Just Believe which specifically denies violation of any law, rule, regulation, contractual right or any other duty or obligation with respect to Madden's employment with Just Believe.

4.  **Consideration/Payment.** In consideration for the releases contained herein, Just Believe agrees to pay to Madden and his counsel the total sum of One Thousand Six Hundred and Ninety-Two Dollars and Nineteen Cents ($1,692.19), with the Court deciding reasonable attorneys' fees and costs in full and final settlement and resolution of all claims made by Madden to be allocated as follows:

      a.       obtaining the sum in the amount of $1,377.84 from the Department of Labor which has already been sent to the Department of Labor (investigator Said Silwany) in the fall of 2018 and which the DOL has waiting to provide to Madden when he claims it;

1

b.      one check in the amount of $1,692.19 payable to Steve Madden for liquidated damages, which check shall be provided on or before 10 days from court approval of the settlement agreement;

Madden and Just Believe agree to file a Joint Motion for Court Approval of Settlement Agreement and to Dismiss with Prejudice, executed by counsel for Just Believe and Madden, as more fully set forth in Paragraph 8 below. Madden's counsel has 30 days from Court approval of settlement to file a motion for fees and costs and will obtain his fees and costs from subsequent Court Order. Just Believe retains all rights to oppose any motion for fees and costs that may be filed. Madden agrees that he is responsible for his tax liability as a consequence of receiving taxable income pursuant to this Settlement, and Just Believe agrees that it is responsible for its tax liability arising as a consequence of dispersing funds pursuant to this Settlement.

5.      **No Consideration Absent Release of Claims**. Madden understands and agrees that he would not receive the monies and/or benefits specified in Paragraph 4 above, except for the releases contained herein.

6.      **General and Complete Release.** Madden does hereby release, acquit and forever discharge Just Believe of and from any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, suits, debts, demands and benefits of whatever character in law, or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature, whatsoever, now existing or arising in the future based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement, including but not limited to, any claims or causes of action arising out of or in any way relating to Madden's employment with Just Believe, including but not limited to any alleged violation of:

2

- the Florida Public Employees Relations Act, as amended;

- Title VII of the Civil Rights Act of 1964, as amended;

- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

- The Employee Retirement Income Security Act of 1974, as amended;

- The Immigration Reform and Control Act, as amended;

- The Americans with Disabilities Act of 1990, as amended;

- The Age Discrimination in Employment Act of 1967, as amended;

- The Fair Labor Standards Act, as amended;

- The Occupational Safety and Health Act, as amended;

- The Family and Medical Leave Act, as amended;

- *Florida Statutes* § 448.101 et seq.;

- *Florida Statutes* § 440.205;

- Florida Minimum Wage Act and Florida constitutional amendment on wage claims;

- Broward County Ordinance re discrimination, harassment, or retaliation claims;

- The Florida Civil Rights Act, as amended;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; and

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

In consideration of the valuable consideration provided for in this Agreement, Madden intends to give up any rights he might have under these or any other laws with respect to his employment with Just Believe.

3

In exchange for the consideration in this Agreement, Just Believe releases Madden from any and all claims, charges, actions and causes of action of any kind or nature that Just Believe once had or now has, whether arising out of the services Madden performed for Just Believe or otherwise, and whether such claims are now known or unknown to Just Believe from the beginning of the world to the date of the present.

7.   **Release of Unknown Claims**.  Madden and Just Believe expressly acknowledge that the Releases they give in this Agreement is intended to include in its effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

8.   **No Other Claims Exist**.  Other than the Federal Court Action, as defined in paragraph 9 below, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Madden confirms that he has not filed, caused to be filed, and is not a party to any claim, charge, complaint, or action against Just Believe in any forum.  In the event that any such claim, charge, complaint or action is filed, relating to matters which existed on or before the date of this Agreement, except for enforcement of this Agreement, Madden shall not be entitled to recover any relief or recovery therefrom, including costs and attorney's fees.

9.   **Dismissal with Prejudice of Pending Lawsuit**.  In or about November 2018, a lawsuit was filed styled <u>Gregory Madden, Plaintiff, v. Just Believe Recovery Center, et al., Defendants</u>, Case No. 18-14446-CIV-ROSENBERG, in the United States District Court for the Southern District of Florida ("the Federal Court Action"), by Madden.  This Federal Court Action

4

shall be dismissed with prejudice by means of a Joint Motion for Court Approval of Settlement and to Dismiss with Prejudice signed by counsel for the parties, which motion will seek dismissal of Plaintiff's claims with prejudice and the Court's reservation of jurisdiction to entertain a motion for fees and costs filed by Plaintiff's counsel.

10.    **No Disparaging Comments**.  Madden and Just Believe covenant and agree that they shall not engage in any pattern of conduct that involve the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of each other.  Madden agrees never to apply for employment with the Just Believe in the future, and will bring no cause of action if he mistakenly applies, and believes that he is not hired unjustly.  Likewise, Just Believe shall not disclose the terms of this Agreement to any prospective employer of Madden or in any third-party communications inquiry about Madden, and will provide her a neutral reference to any party inquiring about the services Madden performed for the Just Believe.

11.    **Successors.**  This Agreement shall be binding upon and shall inure to the benefit of Madden, and shall be binding upon and shall inure to the benefit of Just Believe, and their respective heirs, administrators, successors and assigns, as applicable.

12.    **Validity of Agreement.**  Except for section 4, should any other provision in this Agreement be declared to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement, and all remaining provisions shall remain valid and enforceable.

13.    **Voluntary Agreement.**  The parties understand and agree that they:

(a)    have had a reasonable time within which to consider this Agreement before executing it;

(b)    have carefully read and fully understand all of the provisions of this Agreement;

(c)    have agreed, through this Agreement, that Madden is releasing Just Believe from any and all claims he may have against it;

(d)    knowingly and voluntarily agree to all of the terms set forth in this Agreement;

(e)    knowingly and voluntarily intend to be legally bound by same;

(f)    were advised to consider the terms of this Agreement with counsel, and have consulted with their counsel prior to executing this Agreement, and

(g)    are duly authorized and have full authority to execute this Agreement.



15.    **No Additional Representations.**   Each party acknowledges that except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

16.    **Amendment or Modification.**   This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

17.    **Affirmations.**   Madden further affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

18.    **Entire Agreement.**   This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.   There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except as set forth in this Agreement.

19.    **Captions.**   The captions and headings used in this Agreement are for convenience and means of reference only, and shall not be used to construe, interpret, expand or limit the terms of this Agreement.

20.    **Counterparts.**   The parties agree that this Agreement may be executed by the parties in multiple parts, or in counterparts, each of which shall be considered an original.

21.    **Construction.**   Language of all parts of this Agreement shall be construed as a whole according to its fair meaning.   The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity, the Agreement shall not be construed against any party.

22.     **Copy of Agreement Valid.**   The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed Agreements are missing.

23.     **Attorneys' Fees.**     In the event that any party brings an action to enforce this Agreement, the prevailing party, after all appeals or the time for appeal has expired, shall be entitled to reasonable attorneys' fees and costs, including post-judgment attorney's fees and costs incurred during collections.

24.     **Governing Law and Interpretation.**   This Agreement shall be governed and interpreted in accordance with applicable federal laws and applicable laws of the State of Florida, without regard to its conflict of laws provision.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

Just Believe Recovery Center, L.L.C.

By: _____

Gregory Madden

Date: 03/05/2019

Title: _____ CEO _____

Cynthia Bellino

Date: 3/8/2019

JBRC Medical, L.L.C.

By: _____

Title: _____ CEO _____

8

Just Believe Recovery Center of Port Saint
Lucie, L.L.C.

By: _____

Title: _____ CEO